CHARLES P. LEMAIRE, In Equity,

*vs.*

RALPH W. CROCKETT, ALFRED W. ANTHONY
and FRANCOIS X. MARCOTTE.

Androscoggin.  Opinion July 3, 1917.

*Constitutional Law. Referendum. Right of legislature to attach Emergency Clause
to Act passed by it where the right of Home Rule is lodged in
the municipality. When and under what conditions
the Emergency Clause may be attached.*

1.  That under Art. IV, Part Third, Sec. 1, of the constitution full power has been conferred upon the legislature "to make and establish all reasonable laws and regulations for the defense and benefit of the people of this State not repugnant to this constitution nor to that of the United States.

2.  That, as a necessary corollary to this fundamental proposition, the legislature has the constitutional power to designate the instrumentality which shall execute and carry into effect the laws made for the benefit of the people under this section.

3.  That the legislature may entrust their execution to a board created by itself and to be appointed in a designated way, or to the municipality where the power is to be executed, and it may substitute one instrumentality for the other whenever it sees fit.

4.  That by Chap. 293 of the Private and Special Laws of 1880, the right to appoint and control the police department of Lewiston had been delegated by the legislature to the city itself and had so remained up to the passage of the act of 1917.

5.  That thereby the city had been given the right of local self government so far as its police department was concerned, which is but another name for home rule. The legislature had the power to withdraw that right at any time and confer the administration of the police department upon some other board or commission as it did by the act of 1917, but so long as the act of 1880 remained in force the right of home rule in this respect existed.

6.  This right of home rule is not absolute and indefeasible, but if at the time the infringing act is passed, the right is lodged with the municipal government, that is sufficient to forbid the attaching of the emergency clause and that was the situation here.

7.  That there is a clear distinction between the legislative power to pass the act making the transfer and the power to attach to it the emergency clause and pass

it as an emergency measure, causing it to take effect immediately on approval. The first is permitted. The second is expressly prohibited. The emergency clause in this commission act is therefore declared to be invalid.

8. This invalidity affects only the emergency clause. The act itself was within the constitutional power of the legislature and is valid. The two are clearly separable. The one stands, the other falls.

9. The sitting Justice did not err in overruling the demurrer.

Bill in equity brought by the plaintiff, as Mayor of the city of Lewiston, against the three defendants acting as members of the Police Commission appointed under an Act of the legislature of 1917, to which Act was attached the Emergency Clause so called. The defendants filed answer and also demurrer to plaintiff's bill. The cause was heard upon bill, answer and proof. The sitting Justice overruled defendants' demurrer and ruled pro forma that the Act was constitutional and that the bill be dismissed with costs; to which ruling an appeal was entered to the Law Court. Decree in accordance with opinion.

Case stated in opinion.

*McGillicuddy & Morey,* for plaintiff.

*Ralph W. Crockett,* for defendant.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

CORNISH, C. J.    This is a bill in equity brought by the plaintiff, as Mayor of the city of Lewiston, against the three members of the Police Commission appointed under an act of the Legislature approved March 8, 1917, entitled "An Act to provide a Police Commission for the city of Lewiston and to promote the efficiency of the Police Department thereof." The bill asks this court to declare that the Legislature had no constitutional power to pass the act with the emergency clause attached, that the act is rendered thereby invalid; that all appointments already made by the defendants are of no effect and that the defendants be enjoined from interfering with, controlling or directing the police force of the city of Lewiston.

The defendants filed an answer to the bill with a demurrer inserted therein. The sitting Justice ruled as follows:. "To sustain this bill would be to rule in effect that the police commission act is unconstitutional in that it infringes the right of home rule. But according

to the established and uniform course of procedure in this State, a statute will be presumed by a single Justice to be constitutional until the contrary has been established by the Law Court." He accordingly ruled pro forma that the act was constitutional, and dismissed the bill, at the same time overruling the demurrer.

Two questions are involved. First, whether the act violates section sixteen of the thirty-first amendment to the constitution, that an emergency bill shall not include an infringement of the right of home rule for municipalities, Second; if it is such a violation, whether the act is wholly unconstitutional, or only the emergency clause is invalid, leaving the act itself valid and subject to the referendum if invoked.

Section 16 of Article 31 of the constitution of this State, adopted by the people in 1908, and commonly known as the emergency clause of the initiative and referendum provides as follows:

"Sec. 16.   No act or joint resolution of the Legislature, except such orders or resolutions as pertain solely to facilitating the performance of the business of the legislature, of either branch, or of any committee or officer thereof, or appropriate money therefor or for the payment of salaries fixed by law, shall take effect until ninety days after the recess of the legislature passing it, unless in case of emergency (which with the facts constituting the emergency shall be expressed in the preamble of the act), the legislature shall, by a vote of two-thirds of all the members elected to each house, otherwise direct.   An emergency bill shall include only such measures as are immediately necessary for the preservation of the public peace, health or safety and shall not include (1) an infringement of the right of home rule for municipalities" &c.   The last clause is the one vitally involved here.   Did the act creating this Police Commission, and taking the entire management and control of the police department of the city of Lewiston away from the municipal officers where this power had resided since 1880, and giving it to a Commission of three appointed by the Governor, constitute an infringement of the right of home rule, as prohibited in the constitution?   If it did, the legislature was expressly prohibited by the constitution from attaching to it the emergency clause, thereby taking from the people the right to invoke the referendum, and causing the act to go into effect immediately upon its approval by the Governor.

In our opinion this act did infringe upon the right of home rule under the facts of this case, and therefore the emergency clause was invalid.

The constitution of this State confers upon the Legislature "full power to make and establish all reasonable laws and regulations for the defense and benefit of the people of this State not repugnant to this constitution nor to that of the United States." Art. IV, Part Third, Sec. 1. As was said in the opinion of the Justices, 99 Maine, 531, "one of the main purposes of this general grant of power was to vest in the Legislature a superintending and controlling authority, under and by virtue of which they might enact all laws, not repugnant to the constitution, of a police or municipal nature and necessary to the due regulation of the internal affairs of the Commonwealth." The exercise of such a power is absolutely indispensable in a well governed community.

A necessary corollary to this fundamental proposition is this, that the Legislature has the constitutional power to designate the instrumentality which shall execute and carry into effect the laws made for the benefit of the people under this section. It may entrust their execution to a board created by itself and to be appointed in a designated way or to the municipality itself where the power is to be executed. The latter is the more common method. But having adopted one method the Legislature is not forever bound thereby but may substitute another, whenever it sees fit. *Commonwealth* v. *Plaisted*, 148 Mass., 375-386.

In this instance it is obvious that prior to the passage of the Police Commission bill in 1917, the right to regulate and control the police department of Lewiston had been delegated by the Legislature to the city itself. It had been made a matter of local self government, which is but another name for home rule. "Home Rule" has been defined to be what the term itself clearly indicates "the right of self government as to local affairs." Words and Phrases 2nd series, page 902. "Home rule means that, as to the affairs of a municipality which affect the relation of citizens with their local government, they shall be freed from State interference, regulation and control; that the system of public improvements, the building of streets and alleys, the appointment of officers, the designation of their duties and how they shall be performed and all other matters purely of local interest, advantage and convenience shall be left to the people for their own determination." *People* v. *Johnson*, 34 Col. 143.

It is true, as was said in *Andrews* v. *King*, 77 Maine, 224, that the officers in the police department are essentially State officers in that it is their duty to preserve the public peace, the peace of the State, and the people of the whole State are interested to have such legislation as will secure the most efficient administration of the department. What that legislation shall be, however, is for the Legislature to determine, and as the court also said in the same opinion, while the appointment is usually delegated to the municipal government it is competent for the Legislature to entrust it to the Governor.

In the case at bar this power had long prior to 1917 been delegated to the municipal government.

By Chapter 293 of the Private and Special Laws of 1880, entitled "An Act to promote the efficiency of the police force of the city of Lewiston" it was provided that the police officers of that city, including the marshal and deputy marshal, should be appointed by the Mayor with the advice and consent of the Aldermen, and the Mayor was given the power to suspend any policeman, which suspension should be in force until the next meeting of the Aldermen. By this act the Legislature delegated to the municipality the appointment of its own police force and conferred upon it the sole right to administer the affairs of the police department. So long as that right, so delegated, continued, and that act remained unmodified and unrepealed, the city of Lewiston had the right of home rule so far as its police department was concerned. The Legislature still had the power to withdraw that right and confer it upon some other board or commission, as it did by the Act of 1917 under consideration, but so long as the act of 1880 remained in force, the right of local self government in the police department existed. This right of home rule is not, as we have seen, and need not be, absolute and indefeasible in order to bring its infringement as an emergency act within the inhibition of section sixteen. If at the time the infringing act is passed the right is lodged with the municipal government, that is sufficient to forbid the attaching of an emergency clause, and that was the situation here.

That the Commission Act infringed upon the previously delegated right of local self government is obvious. It took the control of the police department from the municipality and conferred it upon a commission appointed by the Governor in express and decisive terms. Section 4 of the Act reads as follows:

"The board of police commissioners hereby created shall have full power and authority, subject to the provisions of this act, to organize and establish the police force of the city of Lewiston and to make all rules and regulations for the government, control and efficiency of the same. Said board shall have and exercise all the powers and be charged with all the duties relative to the organization, appointment and control of said police force now conferred or imposed upon the Mayor, the municipal officers or the city council of Lewiston, and such other powers as are given them by the terms of this act." The Legislature had the constitutional right to make this transfer, but Section 16 of the 31st Article of the constitution expressly forbids an emergency clause to be attached to such a bill. There is a clear distinction which must not be overlooked, between the legislative power to pass the act and the power to pass it as an emergency measure. The first is permitted. The second is prohibited. The attempt to do so in this case was futile. The emergency clause is clearly invalid.

This invalidity however affects only the emergency clause and the date when the law may take effect. Instead of becoming a law immediately upon approval by the Governor, it will not take effect until ninety days after the recess of the Legislature thus becoming a non-emergency act and permitting, in the meantime, the invoking of the referendum. The act itself is valid. It was within the constitutional power of the Legislature to pass it. The emergency clause is invalid. The Legislature was expressly prohibited from attaching it. The two are clearly separable. The one stands, the other falls. *Riley* v. *Carico*, 27 Okl., 33-37.

So far as the demurrer is concerned we would only add, that both parties desire the decision of the case on its merits apart from technicalities. And were technicalities to be considered we think the bill would lie. Quo warranto would not be the proper remedy because the defendants are not exercising the duties of an office to which the plaintiff claims title; nor has the plaintiff any adequate and complete remedy at law. We think the sitting Justice did not err in overruling the demurrer.

The entry must be,

> *Appeal sustained.*
> *Bill sustained with costs.*
> *Decree in accordance with the opinion.*